Reese, J.
delivered the opinion of the court.
The bill of exceptions in this case show, that when the plaintiff, on the trial of the case before the jury, had examined his last witness, his counsel stated that he was through with his testimony; that thereupon the defendant’s counsel stated that no proof would be offered on that side; and that before any other or further action on the case, and before the commencement of the argument by counsel, the plaintiff asked leave of the court to introduce and examine another witness, stating as a reason therefor, that the witness had been summoned by the defendant, but not examined by him, and that plaintiff had expected that defendant would have called and examined the witness, so that he, on cross examination, could have had the benefit of his testimony. The counsel for plaintiff offered to state to the court the facts to be proved by the witness, so as to.show their materialty, which the court refused to hear, and rejected the witness, — stating that the witness could not be heard however material, and ordered that the counsel should proceed with the argument. This it is said was error.
It is important to the regular and successful administration of the laws, that the circuit courts should adopt and enforce certain rules as to the order and conduct of trials before them. These rules, under the influence of a prudent and enlightened discretion, will sometimes be inflexibly adheared to, and sometimes a little relaxed, according to the peculiar circumstances of each case, so that they may attain, and not defeat, the ends for which they were adopted. It would be unwise and hazardous, on the part of this court, to attempt any rigid control over the circuit courts in the exercise of a discretion to enforce or relax their own rules of practice.
In this case, for instance, it might seems to us, that if we had been on the circuit court bench, we might have felt it to be our duty to have heard the witness; yet, from the point of *68 view which we occupy, some circumstances which may escape our observation may have been obvious to the circuit court, and may have led to a different path as the line of duty. For any thing the bill of exception shows, many hours may have intervened between the time when the plaintiff announced that he had closed his proof, and the time of his moving the court to introduce the witness, in which interval, the defendant, by the retirement of his witnesses, might have been subjected to surprise. It would therefore be wrong in us, under the circumstances shown in the bill of exceptions, to lay down that the rule of practice should have been enforced or relaxed.
Note. Starkie, Ev. 1 Vol. 161, 2d ed., says it has been held, that if a witness has once been called intotbe box and sworn, he may be cross examined by the opposite side, although he has not been examined in chief; and he cites for this, Phillips vs. Eamer, 1 Esp. C. 357, R. vs. Brooks, 2 Starkie’s, C. 473. But this doctrine is denied by Gibson, C. J. in Ellmaker vs, Buckley, 16 Serg. and R. 77, where he says it was broached in Phillip’s Law of Evidence, 211. See Roscoe’s Criminal Evidence, 128 and note 2.
As to the application for a new trial, founded upon the affidavit of the plaintiff, we think the court acted correctly, in refusing to grant it — because, 1. the testimony was known to the plaintiff before the trial; and 2. the affidavit of the plaintiff should have been accompanied by that of the witness or its absence accounted for. Let the Judgment be affirmed.